

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

FILED

MAR 8  8 51 AM '04

CLERK
U.S. DISTRICT COURT
EAST. DIST. MICH.
BAY CITY

JAMES LESTER,
JAMES KASSUBA,
RYAN TOMASKI,
Individually, and on behalf
of all others similarly situated,

                Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,
FEDEX GROUND PACKAGE SYSTEM, INC. ,
and FEDEX HOME DELIVERY, a division
of FedEx Ground Package System, Inc.

                Defendants.

                                /

**David M. Lawson**

Hon._____

Case No. **0 4 - 1 0 0 5 5**

**MAGISTRATTE JUDGE
CHARLES E. BINDER**

### COMPLAINT AND JURY DEMAND

Plaintiffs, JAMES LESTER, JAMES KASSUBA and RYAN TOMASKI (Plaintiffs), individually and on behalf of all others similarly situated, complain against Defendants, FEDERAL EXPRESS CORPORATION ("EXPRESS"), FEDEX GROUND PACKAGE SYSTEM, INC. ("GROUND") and EXPRESS HOME DELIVERY ("HOME"), a division of FEDEX GROUND PACKAGE SYSTEM, INC. (collectively "Defendants"), as follows:

### I. THE PARTIES

1.    Plaintiff JAMES LESTER resides in Johannesburg, Michigan, and was, at all times complained of, employed by Defendants in the City of Gaylord and the State of Michigan.

2.    Plaintiff JAMES KASSUBA resides in Gaylord, Michigan, and was, at all times complained of, employed by Defendants in the City of Gaylord and the State of Michigan.

3.   Plaintiff RYAN TOMASKI resides in Johannesburg, Michigan, and was, at all times complained of, employed by Defendants in the City of Gaylord and the State of Michigan.

4.   At all times relevant herein, and within three years of the filing of this Complaint, Plaintiffs were local package delivery drivers employed by Defendants in the State of Michigan.

5.   Defendant EXPRESS is a Pennsylvania corporation engaged in providing a small package information, transportation and delivery service in the State of Michigan.

6.   Defendant GROUND is engaged in providing a small package information, transportation and delivery service in the State of Michigan.

7.   Defendant HOME is a division of Defendant GROUND, and is likewise engaged in providing a small package information, transportation and delivery service in the State of Michigan.

8.   EXPRESS, HOME and GROUND are integrated into one business enterprise and the whole operation is customarily referred to publicly as part of a "family" of corporations controlled by FedEx.

9.   All Defendants are qualified to, and do, transact business in the State of Michigan.

10.  Defendants employ, and have employed in the State of Michigan within the past three years, on a full time basis, numerous local package delivery drivers, including the Plaintiffs and members of the Class.

11.  Defendants employ local package delivery drivers for "EXPRESS", "GROUND" and "HOME", all of whom, at FedEx's direction and control, perform package delivery to local businesses and residences.

2

12. Defendants classify EXPRESS package delivery drivers as acknowledged "employees", paying them wages, benefits and other accoutrements of employment.

13. Defendants classify HOME and GROUND package delivery drivers, including Plaintiffs and all members of the Class, as "independent contractors", requiring them to work pursuant to a sham independent contractor arrangement.

## II. JURISDICTION AND VENUE

14. This is a wage action alleging various violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et. seq., the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et. seq. and common law.

15. Proper venue is in this Court as the illegal actions alleged herein occurred within this district and throughout the State of Michigan.

## III. COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and FLSA, 29 U.S.C. § 216(b)) on behalf of themselves and a class (the "Class") consisting of all persons who were employed by Defendants in the State of Michigan as "independent contractor" local package delivery drivers for HOME or GROUND for the three-year period immediately proceeding the filing of Plaintiffs' complaint, as well as State of Michigan local package delivery drivers who continue to be employed as "independent contractors" by the

3

Defendants from the date of the filing of this complaint forward, and into the future.

17.   Plaintiffs, and all members of the Class, were misclassified as independent contractors of HOME and GROUND, despite Defendants' knowledge that they were "employees" and despite Defendants classifying similarly situated EXPRESS package delivery drivers as "employees".

18.   Plaintiffs, and all members of the Class, were subject to Defendants' direction and control of the manner and means in which their work was performed.

19.   Plaintiffs, and all members of the Class, were denied the accoutrements of employment, including but not limited to:

      a.   wages,

      b.   waiting time pay,

      c.   overtime pay,

      d.   holiday pay,

      e.   workers' compensation,

      f.   unemployment insurance,

      g.   Federal Insurance Compensation Act contributions,

      h.   income tax withholding,

      i.   contributions to Defendants' retirement plan,

      k.   meal, break and rest periods.

20.   Plaintiffs, and all members of the Class, were required to pay Defendants' operating expenses, all of which should have been paid by Defendants, including but not limited to:

      a.   delivery vehicle purchase;

4

      b.    various insurances, including vehicle insurance, work accident insurance, physical damage/deadhead insurance

      c.    delivery vehicle maintenance and repairs;

      d.    purchase and maintenance of logos and uniforms;

      e.    fuel;

      f.    cargo claims;

      g.    "business support", including maps, signs, logos, training, scanners and modems.

21. The Class is so numerous that it is impracticable to join all members of the Class before the Court. The exact number of Class members is unknown to Plaintiffs, but is believed to be far in excess of a total of 200 past and present, part-time and full-time, local package delivery drivers.

22. There are questions of law and fact common to the Class, and the claims of the Plaintiffs are typical of the claims of the members of the Class.

23. Plaintiffs will fairly and adequately protect the interests of the Class; there are no conflicts between the Plaintiffs and members of the Class.

24. Plaintiffs have retained competent counsel experienced in class action litigation, who will vigorously pursue the class claims throughout this litigation.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications with respect to individual members of the Class and incompatible standards of conduct for the Defendants.

26. Defendants have acted and refused to act on grounds applicable to the Class, making injunctive and declaratory relief appropriate as to the

5

Class as a whole.

27. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29. Plaintiffs anticipate no difficulty in the management of this litigation. Defendants' records will permit identification of and notice to the members of the Class.

## IV.  FACTUAL ALLEGATIONS

30. Over the past three years, Plaintiffs, and members of the Class, have been employed in the State of Michigan as "independent contractor" local package delivery drivers by Defendants.  The Plaintiffs' employment duties included, among other things:

    a.   providing daily local package pick-up and delivery services;

    b.   being formally identified as a part of the Defendants' system.

31. Plaintiffs, and all members of the Class, were required to sign either a "FEDEX GROUND PACKAGE SYSTEM, INC. PICK-UP AND DELIVERY CONTRACTOR OPERATING AGREEMENT," or a "FED EX HOME DELIVERY STANDARD CONTRACTOR OPERATING AGREEMENT", or an equivalent agreement (hereafter referred to collectively as "Contract") as a condition of their employment.

32. The Contract was one of adhesion and a sham; Plaintiffs had no

6

bargaining power, and there was no negotiation as to the Contract's terms;

33. The Contract was a standard form contract, prepared by FedEx, imposed on Plaintiffs on a take-it-or-leave-it basis;

34. Plaintiffs', and all members of the Class's, duties were at the complete direction and control of Defendants.

35. Plaintiffs and all members of the Class delivered packages exclusively to Defendants' customers.

36. Plaintiffs, and all members of the Class, were required to work hours in excess of forty hours per week.

37. Plaintiffs, and all members of the Class, were essential to Defendants' business and integral to Defendants' operation.

38. Plaintiffs, and all members of the Class, were economically dependent upon Defendants for their livelihood, and bore few risks of loss or opportunity for gain.

39. Plaintiffs did not, nor did any member of the Class, have any business independent from that of the Defendants.

40. Plaintiffs did not, nor did any member of the Class, exercise business management in connection with their employment by Defendants.

41. Plaintiffs did not, nor did any member of the Class, have any input into the prices charged for the delivery services.

42. As a condition of employment, Plaintiffs, and all members of the Class, were controlled by Defendants, among other ways, as follows:

    a.    assigned to and required to work a minimum of number of hours in a shift, often eight hours or longer;

b.    prohibited from leaving the work premises without management approval;

c.    required to identify themselves and their vehicles as part of the Defendants' system, with FedEx logos and signage;

d.    required to purchase, wear and maintain Defendants' signage, logos and uniforms;

e.    required to purchase and maintain a vehicle selected by Defendants, built to Defendants' precise specifications, and identified by Defendants' logo and signage;

f.    required to insure the vehicles at Defendants' direction and control;

g.    required to clock in and out and file daily reports with Defendants;

h.    required to purchase from Defendants their "business support" package including maps, signs, training, modems and scanners;

i.    prohibited from refusing packages;

j.    prevented from working for other delivery businesses while working for Defendants;

k.    prohibited from hiring helpers without Defendants' approval;

l.    required to perform unpaid work outside their job classification;

m.    told how to conduct themselves and subject to discipline for any failures to comply with the Defendants' requirements;

n.    prevented from choosing when and how much they wanted

8

to work.

o.    Defendants controlled the customer service areas, number of packages and number of stops.

43.   Defendants required Plaintiffs and all members of the Class to purchase and adorn themselves and their vehicles with FedEx logos.

44.   The Defendants maintained rules concerning the make and model of trucks which Defendants required the Plaintiffs to purchase.

45.   The Defendants maintain rules on who is allowed to ride or drive the vehicles, and where the vehicles may be parked.

46.   The trucks which Defendants selected could not practicably be used for any purpose other than delivery of Defendants' packages.

47.   Plaintiffs do not, nor does any member of the Class, have the right to reject deliveries or route schedules, or determine the volume of packages they are willing to deliver.

48.   Defendants completely control the rights to service areas, and Plaintiffs have no proprietary rights therein.

49.   Plaintiffs and all members of the Class were required to pay operating expenses which should have been paid by Defendants, including, among other expenses, vehicle purchase, vehicle, accident, deadhead and other types of insurance, fuel, maintenance and repair of the vehicle, "Business Support System", and uniforms.

50.   The Plaintiffs could not practicably complete the duties assigned to them by Defendants without purchasing from Defendants their "Business Support" Package, which included mandatorily required scanners and other equipment.

9

51.  Defendants paid the business operating expenses on behalf of EXPRESS drivers, but failed to do so on behalf of GROUND or HOME drivers.

52.  Requiring Plaintiffs and all members of the Class to pay Defendants' operating expenses conferred a benefit upon the Defendants for which they did not pay.

53.  Defendants paid Plaintiffs, and all members of the Class, a below market value "van availability" for their vehicles, which amount was not negotiable by Plaintiff or members of the Class.

54.  Requiring Plaintiffs and all members of the Class to accept a below market value "van availability" conferred a benefit upon Defendants for which Defendants did not pay.

55.  Defendants had knowledge that the Plaintiffs, and members of the Class, were conferring benefits on Defendants under circumstances that made it inequitable for Defendants to retain the benefits without paying for their value.

56.  Plaintiffs, and all members of the Class, were subject to discipline by, among other methods, termination without notice, or "fines" in the form of reduced "bonuses" for failure to follow employment rules set forth by Defendants.

57.  The position of local package delivery driver did not require any special skills.

58.  At no time during the past three years were Plaintiffs, or any Class member, paid hourly wages by the Defendants.

59.  Plaintiffs' compensation was at the complete control of the Defendants, and Defendants allowed Plaintiffs no input thereon.

10

60.   Defendants instructed Plaintiffs, and other members of the Class, to under-report their total hours worked.

61.   At no time during the past three years were Plaintiffs, or any Class member, paid for terminal waiting time.

62.   At no time during the past three years were Plaintiffs, or any member of the Class, paid overtime wages for work in excess of eight hours in a day, or forty hours in a week, while EXPRESS drivers were paid for all overtime hours worked.

63.   At no time during the past three years were Plaintiffs, or any member of the Class, provided with meal, break and/or rest periods.

64.   At no time during the past three years were Plaintiffs, or any member of the Class, provided Unemployment Compensation or Workers' Compensation Insurance.

65.   At no time during the past three years did Defendants make FICA contributions on behalf of Plaintiffs or the Class, as required by 26 USC § 3101, et. seq.

66.   On information and belief, Defendants themselves, or through a plan administrator, maintain a 26 U.S.C. § 401(k) and/or retirement plan, both of which are governed by ERISA.

67.   Defendants were required, under 29 U.S.C. § 423, to make such plans available to all employees.

68.   Defendants did not make such plans available to the Plaintiffs, or the Class, despite knowledge they were "employees", making such plans available only to its acknowledged "employees", including identically situated EXPRESS drivers.

11

69. Defendants misclassified Plaintiffs and other members of the Class with the specific intent of interfering with their attainment of 401(k) contributions, matched contributions or retirement benefit rights, making no contributions for Plaintiffs, or other members of the Class, to either the 401(k) or retirement plan in violation of 29 U.S.C. § 1140.

70. Unless Defendants are restrained from violating the law, the Plaintiffs and other members of the Class will continue to suffer irreparable damages.

71. The damages sought by the Plaintiffs and each member of the Class exceed $50,000 and in excess of the jurisdiction of this court.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY WAGES IN VIOLATION OF 29 USC §§ 206, 215

72. Plaintiffs, and each member of the Class, incorporate the allegations contained in Paragraphs 1 through 71, inclusive, of the complaint.

73. Over the past three years, Plaintiffs, and each member of the Class, rendered employee services to Defendants, who were required to pay Plaintiffs the lawful minimum wage.

**WHEREFORE,** Plaintiffs and each member of the Class pray for an award of back wages in the amounts to be proven at trial.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT

74. Plaintiffs, and each member of the Class, incorporate the allegations contained in Paragraphs 1 through 73, inclusive, of the complaint.

75. Over the past three years, Plaintiffs, and each member of the Class, were

12

required to work more than eight hours for many of their shifts.

76.   Defendants required that Plaintiffs, and other members of the Class, under-report their total hours of work.

77.   Defendants did pay overtime to EXPRESS drivers, but failed and refused to do so in regards to HOME or GROUND drivers.

78.   Plaintiffs and the Class were not paid overtime for any of the hours they worked in excess of eight hours in a shift.

79.   Defendants were unjustly enriched by failing to pay Plaintiffs, and other members of the Class, overtime for each overtime hour worked.

80.   Over the past three years Plaintiffs, and all members of the Class, were required to pay operating expenses which were properly the expenses of Defendants, including but not limited to:  uniforms, delivery vehicle purchase, various types of insurance, including vehicle insurance, dead head insurance, work-accident insurance, vehicle maintenance and repair, fuel, cellular phones, and "business support" including logos, maps, signs, training, modems and scanners.

81.   Over the past three years, Plaintiffs, and members of the Class, were paid a below-market "van availability" for Defendants' use of their vehicles.

82.   Plaintiffs, and members of the Class, were required to purchase vehicles which, at the termination of their employment, were not sell-able;

83.   Defendants retained these benefits under circumstances which rendered it inequitable for the Defendants to retain the benefits without paying for their value.

84.   Defendants were unjustly enriched by requiring the Plaintiffs, and other members of the Class, to pay its operating expenses, and by failing and

13

refusing to pay Plaintiffs and the Class overtime for hours worked in
excess of eight hours.

**WHEREFORE**, Plaintiffs and each member of the Class pray for an
award for unjust enrichment in the amounts to be proven at trial.

### THIRD CAUSE OF ACTION

### WILFULNESS AS PROVIDED FOR IN FLSA 29 USC § 216(b)

85.  Plaintiffs, and each member of the Class, incorporate herein as if fully set
     forth, the allegations contained in Paragraphs 1 through 84, inclusive, of
     the complaint.

86.  Defendants had knowledge that Plaintiffs, and each member of the Class
     were, and should have been classified as, admitted employees.

87.  Over the past three years Defendants willfully and intentionally
     concealed from Plaintiffs, and all members of the Class, that their legal
     rights were being violated, and that as employees, they had a right to
     receive wages, overtime, terminal waiting time, workers' compensation,
     unemployment insurance, FICA and retirement plan contributions and
     all other accoutrements of employment as proscribed by the FLSA, FICA,
     and ERISA when Defendants fully knew that Plaintiffs were misclassified
     as independent contractors.

88.  As the employers of the Plaintiffs and other members of the Class,
     Defendants had a duty to inform the Plaintiffs of their legal rights.

89.  As a result of the intentional concealment of the Defendants, Plaintiffs
     and other members of the Class have been damaged.

90.  The actions of Defendants were willful and in reckless disregard of the

14

rights of the Plaintiffs and all members of the Class, entitling them to liquidated damages from Defendants, to punish Defendants, and to make example of them so that the activities complained herein do not occur again.

**WHEREFORE**, Plaintiffs, and each member of the Class, pray for an award of liquidated damages.

### FOURTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH PENSION RIGHTS

91. Plaintiffs, and each member of the Class, incorporate the allegations contained in Paragraphs 1 through 90, inclusive, of the complaint.

92. Over the past three years, Defendants made contributions on behalf of its admitted employees to a 401(k) or other retirement plan.

93. Over the past three years, Defendants made no contributions on behalf of Plaintiffs or other members of the Class.

94. Over the past three years, Defendants misclassified Plaintiffs and other members of the Class with the specific intent of interfering with their attainment of 401(k) contributions, matched contributions or retirement benefit rights, making no contributions for Plaintiffs, or other members of the Class, to either the 401(k) or  retirement plan in violation of 29 U.S.C. § 1140.

**WHEREFORE**, Plaintiffs and each member of the Class pray for an award of pension contributions which Defendants should have made on behalf of the Plaintiffs and other members of the Class, in the amounts to be proven at trial.

15

## FIFTH CAUSE OF ACTION:  FOR AN ACCOUNTING

95.    Plaintiffs, and each member of the Class, incorporate the allegations
       contained in Paragraphs 1 through 94, inclusive, of the complaint.

96.    Plaintiffs and members of the Class are owed the un-reimbursed
       employment expenses which Defendants forced them to pay and by
       which Defendants were unjustly enriched.

97.    Plaintiffs and members of the Class are owed overtime for each hour over
       40 which they worked.

98.    Plaintiffs and members of the Class are owed wages for all hours in
       which they were not compensated in an amount equal to minimum wage.

99.    Plaintiffs do not have the records or know the precise amounts of
       compensation due them or the other members of the Class.

100.   Defendants maintain business records from which some of the amounts
       of compensation due Plaintiffs can be determined.

101.   An accounting by the Defendants is the appropriate method by which to
       determine what amounts were paid to and owed to the Plaintiffs and the
       Class.

## V.  RELIEF REQUESTED

**WHEREFORE**, Plaintiffs, individually and on behalf of each member of
the Class, request the following relief:

1.     That this Court determine that this action may be maintained as a Class
       Action under Rule 23 in the specifics required by the FLSA;

2.     That this Court determine that Plaintiffs and their counsel are adequate
       representatives of the Class;

16

3.    For compensatory damages, according to proof;

4.    For punitive damages, according to proof;

5.    For liquidated damages, according to proof;

6.    For penalties;

7.    For interest;

8.    For reasonable attorneys' fees and costs; and

9.    For such other and further relief as the Court may deem proper.

## Jury Demand

Plaintiffs hereby demand trial by jury.

Dated:   _3-5-04_


EDITH A. THOMAS (P41172)
Calif Bar No. 220820
Attorney for Plaintiffs
214 North Ridge Dr., Suite B
Fallbrook, CA 92028
Telephone: 888 349-3940
Fax No. 760 728-9518
Email: edithomas1@aol.com


SMIETANKA LAW OFFICE

By
John A. Smietanka (P20610)
Anne Buckleitner    (P59832)
Co-Counsel for Plaintiffs

Dated:   _3-5-04_

O-155 44th Street, SW, Suite 1
Grandville, MI    49418
Telephone:  (616) 667-2217
Fax No. (616) 667-2285
Email:  jas@smietankalaw.com

04/10/0055

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Otsego

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

JAMES LESTER, JAMES KASSUBA, RYAN TOMASKI, Individually, and on behalf of all other similarly situated,

**DEFENDANTS** Hon. **David M. Lawson**

FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX HOME DELIVERY, a division of FedEx Ground Package System, Inc.

(b) County of Residence of First Listed     Otsego

County of Residence of First Listed

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Edith A. Thomas (P41172), 214 North Ridge Dr., Ste. B, Fallbrook, CA 92028, (888) 349-3940; & John A. Smietanka (P20610), Anne Buckleitner (P59832), O-155 44th St., SW, Ste. 1, Grandville, MI 49418 /

Attorneys (If Known)

**MAGISTRATE JUDGE**
**CHARLES E. BINDER**
(Phone 616 667-2217)

**II. BASIS OF JURISDICTION** (Place an "X" In One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item 111)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" In One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 (specify) Transferred from another district
☐ 6 Multi district Litigation
☐ 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a wage action alleging various violations of the Fair Labor Standards Act (FLSA), 29 USC 201, et seq., the Employee Retirement Income Security Act (ERISA), 29 USC 1001 et seq., and common law.

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    $DEMAND    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S):** (See Instructions):
IF ANY    JUDGE    DOCKET NUMBER

DATE   3/5/04    SIGNATURE OF ATTORNEY OF RECORD   John A Smietanka

# PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?          ☐ Yes
                                                                      ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other    ☒ Yes
          court, including state court? (Companion cases are matters in which  ☐ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: U.S. District Court, Eastern District of Virginia

Case No.: 2:03 CV 479

Judge: Raymond Jackson

Notes :

There is pending in the EDVA a case of identical legal theory by similarly-situated plaintiffs against the same
defendants.