UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| PERCIVAL CURRITHERS, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., *et al.*,<br><br>   Defendants. | Case No. 1:04-cv-10055-TLL-CEB<br><br>Honorable Thomas L. Ludington<br>Magistrate Judge Charles E. Binder |

**FEDEX GROUND'S MOTION FOR
SUMMARY JUDGMENT AGAINST PLAINTIFF FLAGA**

Defendant FedEx Ground Package System, Inc. ("FedEx Ground"), by and through its attorneys, and pursuant to Fed. R. Civ. P. 56(c), moves for summary judgment as to all claims of Plaintiff Rodney Flaga on the ground that there is no genuine issue of material fact for trial because his claims are barred by the doctrine of judicial estoppel and he lacks standing to pursue those claims. This Motion is supported by the accompanying Memorandum of Law in Support of Summary Judgment.

WHEREFORE, FedEx Ground respectfully requests that the Court grant its motion for summary judgment against Plaintiff Flaga and enter a judgment in FedEx Ground's favor, together with costs, attorney's fees and any other relief the Court deems just and appropriate.

Respectfully Submitted,

MILLER, CANFIELD, PADDOCK AND STONE, PLC

By: /s/ Robert J Wierenga
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit MI 48226-4415
(313) 963-6420
Cranmer@millercanfield.com
Wierenga@millercanfield.com
Kefalas@millercanfield.com

Dated: July 12, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| PERCIVAL CURRITHERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., *et al.*, <br><br> Defendants. | Case No. 1:04-cv-10055-TLL-CEB <br><br> Honorable Thomas L. Ludington <br> Magistrate Judge Charles E. Binder |

### FEDEX GROUND'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFF FLAGA

### INTRODUCTION

Plaintiff Rodney Flaga's alleged claims against Defendant FedEx Ground Package System, Inc. ("FedEx Ground") are barred by the doctrine of judicial estoppel and by his lack of standing to pursue those claims. Mr. Flaga filed for bankruptcy in April 2005, after his contract with FedEx Ground terminated. In seeking the protection of the Bankruptcy Court, Mr. Flaga bore the reciprocal obligation of fully disclosing all of his assets—including his potential suit against FedEx Ground—to the Bankruptcy Court, the Chapter 13 bankruptcy trustee, and his creditors. Notwithstanding this obligation and Mr. Flaga's admitted knowledge of his potential claims, no such disclosure was made at the time he filed for bankruptcy, nor during the years it was pending. In fact, Mr. Flaga joined this action as an individual plaintiff three months ***before*** receiving his discharge from the Bankruptcy Court without having ever amended his schedules to alert the Bankruptcy Court, the trustee, and his creditors of that potential source of income to pay off his debts. Having received his bankruptcy discharge, in part based on his representation

that no potential legal claims existed, Mr. Flaga is now judicially estopped from pursuing those claims against FedEx Ground. Moreover, because Mr. Flaga failed to list those claims on his bankruptcy schedules, the claims remain part of the bankruptcy estate and Mr. Flaga has no standing to pursue them. Mr. Flaga's claims should be dismissed and FedEx Ground requests that the Court grant this motion for summary judgment.[1]

## STATEMENT OF FACTS

### A.     Plaintiffs' Complaints And Allegations

This case began on March 8, 2004, as a putative-class action on behalf of current and former FedEx Ground contractors, when James Lester, James Kassuba, and Ryan Tomaski filed a complaint (the "*Lester* Complaint") against FedEx Ground. (Cristol Decl. Ex. B.)

On September 30, 2008, following the denial of class certification, Mr. Flaga and fifteen other plaintiffs were added as individual claimants in the operative Fourth Amended Class Action Complaint. (Cristol Decl. Ex. J at ¶ 15.) These claims stem from FedEx Ground's alleged systematic practice of inducing contractors to enter into independent contractor agreements through representations that the contractors would be independent business owners and partners with FedEx Ground, then treating the contractors as employees while failing to compensate them as employees. As plaintiffs alleged in their Fourth Amended Class Action Complaint:

> FXG fraudulently induced the named Plaintiffs … to purchase a delivery truck, to insure and maintain that truck, to purchase a 'business support package' and other items required by FXG, and to deliver packages for FXG, all the while representing to them that they are or would be 'independent business owners' and 'business partners' with FXG, and that they had or would have proprietary interests in the delivery routes for which they contracted. These representations

---

[1] All exhibits to this motion are attached to the Declaration of Melanie Cristol In Support Of Defendant FedEx Ground's Motion for Summary Judgment Against Plaintiff Flaga (the "Cristol Decl.") filed concurrently herewith.

were false. In reality, FXG micro-manages Plaintiffs' activities in such a manner that Plaintiffs are *de facto* employees of FXG and the routes that Class members purchased therefore have no value.

(Cristol Decl. Ex. J at ¶3.) Based on this core allegation, plaintiffs assert claims for rescission, breach of implied contract, unjust enrichment, and fraudulent misrepresentation.

> **B.  Mr. Flaga Was Aware Of His Potential Claims Before He Declared Bankruptcy And Had Many Opportunities To Inform The Bankruptcy Court Of Them — But He Failed To Do So.**

Common to all of plaintiffs' claims is the fact that the alleged wrongs giving rise to each claim occurred at or very near the time each Plaintiff entered into his contractual relationship with FedEx Ground. Mr. Flaga's tenure as a contractor for FedEx Ground was relatively brief. He first contracted with FedEx Ground on May 30, 2002, and his contract terminated in September 2004. (Cristol Decl. Ex. A, 2002 Flaga Operating Agreement; Cristol Decl. Ex. N, July 1, 2011 Deposition of Rodney Flaga ("Flaga Dep.") at 164:16-18.) Significantly, Mr. Flaga testified that during his tenure with FedEx he believed that he was being treated like an employee and not an independent contractor.[2] (Cristol Decl. Ex. N at 169:9-170:1.) He certainly was aware of these issues prior to filing his bankruptcy petition:

> Q. At the time you left FedEx you knew -- you already knew that -- or you already believed, I should say that they had inappropriately treated you as an employee rather than an independent contractor, right?
>
> A. Right.
>
> Q. So you knew that at the time you filed for bankruptcy, right?
>
> A. Yeah, I guess I did. I mean, I filed for bankruptcy after I left there.

(*Id.* at 232:16-24.)

---

[2] While FedEx Ground disputes this claim, for purposes of this motion the only relevant inquiry is whether Mr. Flaga had sufficient information to believe he could assert a claim, which he inarguably did.

- 3 -

Notwithstanding his alleged dissatisfaction with his relationship with FedEx Ground while contracting, and the fact that his contract had ceased over six months before, Mr. Flaga filed a voluntary petition for Chapter 13 bankruptcy, under penalty of perjury, on April 22, 2005. That petition failed to mention any potential claim against FedEx Ground, or that he was a member of a putative class action against the company. (Cristol Decl. Ex. C, April 22, 2005 Bankruptcy Petition (the "Petition").[3]) Specifically, Mr. Flaga failed to list his potential claims against FedEx Ground on Schedule B (Personal Property of the Petition) as required by law. (*Id.* at 7, Item No. 20.) Nor did he take the opportunity to do so when he twice amended his bankruptcy schedules under penalty of perjury—first in June 2005 to clarify his exemptions and statement of financial affairs, and again in June 2007 to update his schedules regarding income and expenditures. (Cristol Decl. Ex. F, June 2005 Amendments; Cristol Decl. Ex. H, June 2007 Amendments.) Neither amended schedule contained any mention of Mr. Flaga's potential claims against FedEx Ground.

Mr. Flaga had yet another opportunity to inform the Bankruptcy Court of his claims when he joined this action as an individual plaintiff. Mr. Flaga testified that he received a letter notifying him of and soliciting his participation in this action. (Cristol Decl. Ex. N at 137:18-138:16.) On September 30, 2008, he joined in the Fourth Amended Complaint but notably, despite the fact that his bankruptcy remained pending, chose not to inform the Bankruptcy Court

---

[3] In his Petition, Mr. Flaga estimated that he had a total of $123,810.00 in liabilities, including $22,933.00 owed to general unsecured creditors. (Cristol Decl. Ex. C at 3, 12.) That same day, Mr. Flaga also filed his Chapter 13 Plan which provided, among other things, that Mr. Flaga's unsecured creditors would only receive 12% of the moneys owed. (Cristol Decl. Ex. E at 2.) Mr. Flaga's Chapter 13 plan was initially confirmed on July 21, 2005, but was subsequently modified by the Court on June 25, 2007, to—among other things—increase the unsecured creditors' payments to no less than 21% of their claims. (Cristol Decl. Ex. G, Confirmation Order; Cristol Decl. Ex. I, Modification Order.) Ultimately, Mr. Flaga's unsecured creditors only received $2,082.46, approximately 23% of their allowed claims and less than 10% of the debt Mr. Flaga originally represented he owed. (*Compare* Cristol Decl. Ex. L, Trustee's Final Report at 1 *with* Cristol Decl. Ex. C, Petition at 12.)

- 4 -

of the complaint. (Cristol Decl. Ex. J at ¶ 15.) In fact, he never amended his bankruptcy schedules or informed the Court, the trustee, or his creditors about this communication or the fact that he joined the case. (Cristol Decl. Ex. N at 242:6-19; Cristol Decl. Ex. D, Flaga Bankruptcy Docket.)

On October 8, 2008, following Mr. Flaga's filing of the Complaint in this case, the trustee in Mr. Flaga's bankruptcy issued the Trustee's Notice of Completion of Plan Payments and Notice to Creditors of Right to Object (the "Trustee's Notice"). (Cristol Decl. Ex. K) This document gave notice to Mr. Flaga's creditors that they had 30 days to object to Mr. Flaga's discharge or those objections would be waived. (*Id.*) No creditor objected. (*See* Cristol Decl. Ex. D.) On December 18, 2008, the Bankruptcy Court issued the Order Discharging Debtor After Completion of Chapter 13 Plan (the "Discharge"). (Cristol Decl. Ex. M.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine issue exists when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ARGUMENT

"A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights." *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 (3d Cir. 1988) *citing In Re Hannan*, 127 F.2d 894 (7th Cir. 1942). Notwithstanding his knowledge of his claims before filing bankruptcy (Cristol Decl. Ex. N at 232:16-24 and the affirmative obligation to do

so, Mr. Flaga never listed his alleged claims against FedEx Ground on his bankruptcy schedule of assets (Cristol Decl. Ex. C, Petition at 7) as is required by section 521 of the United States Bankruptcy Code (the "Bankruptcy Code").  11 U.S.C. § 521(a); *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 207-08 (5th Cir. 1999) (holding debtors have "an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*") (emphasis in original), cert. denied, 528 U.S. 1117 (2000).  "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."  *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002); *see also* 11 U.S.C. §§ 521(1), 541(a)(7).  Mr. Flaga never amended his bankruptcy schedules or even attempted to notify the Bankruptcy Court or trustee that he joined this case in September 2008.[4]  (Cristol Decl. Ex. N at 242:6-19; Cristol Decl. Ex. D.)

Fair administration of the bankruptcy estate demands full and fair disclosure of all of the debtor's assets.  *See, e.g., Oneida Motor Freight, Inc.*, 848 F.2d at 417 ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'").  The dividends provided to creditors stem directly from these disclosures, and the failure to schedule assets can directly impact the creditors' recovery and undermines the entire premise of the system's relief granted to "honest debtors."  *See, e.g., In re Colvin*, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003) ("[T]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy

---

[4] The fact that Mr. Flaga amended his bankruptcy schedules multiple times shows that he was aware of his duty to alert the trustee, the Bankruptcy Court, and his creditors to changes in his position.  (Cristol Decl. Exs. F and H.)

- 6 -

discharge."). In short, by hiding his claims in this action, Mr. Flaga committed a fraud on the Bankruptcy Court that cannot be countenanced in law or equity. Mr. Flaga should be judicially estopped from pursing this action. In the alternative, he should be barred from pursing the claims because the trustee, not Mr. Flaga, is the actual party in interest and the claims belong to the bankruptcy estate.

### A.  Judicial Estoppel Precludes Mr. Flaga From Pursuing The Claims In The Fourth Amended Class Action Complaint.

The primary purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). As the United States Supreme Court observed, "the rule is intended to prevent 'improper use of judicial machinery.'" *Id.* at 750.

The Sixth Circuit has applied judicial estoppel to prevent a former bankruptcy debtor from pursuing claims undisclosed during bankruptcy proceedings. *See, e.g., White v. Wyndham Vacation Ownership, Inc*, 617 F.3d 472, 474 (6th Cir. 2010) (affirming summary judgment on the basis of judicial estoppel because plaintiff had failed to disclose her sexual harassment claim in her bankruptcy petition); *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 421 (6th Cir. 2005) (judicial estoppel precluded plaintiff from pursuing claim because she failed to list it as an asset in bankruptcy petition).[5] In this Circuit, "judicial estoppel bars a party from (1) asserting a

---

[5] Indeed, the majority of other Circuit Courts agree that the omission of a cause of action from bankruptcy schedules provides an appropriate basis for imposing judicial estoppel. *See, e.g.*, *Payless Wholesale Distribs., Inc. v. Alberto Culver, Inc.*, 989 F.2d 570, 571 (1st Cir. 1993) ("[H]aving obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis. . . . Indeed, defendants may have a windfall. However, [the failure to disclose] is an unacceptable abuse of judicial proceedings."); *Oneida Motor Freight, Inc.*, 848 F.2d at 419 ("[W]e are satisfied that [plaintiff's] failure to mention this potential claim either within the confines of its disclosure statement or at any stage of the bankruptcy court's resolution precludes this later independent action . . . complete disclosure is imperative to assist interested parties in making decisions relevant to the bankrupt

position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Id.* at 476 (quoting *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (citation omitted)). Mr. Flaga's case satisfies each of the foregoing factors.

First, in failing to list his alleged claims against the FedEx Ground, Mr. Flaga represented to his creditors, the trustee, and the Bankruptcy Court that this asset did not exist and could not provide a source of recovery. This position is clearly inconsistent with Mr. Flaga's current assertion that he is entitled to damages arising from his claims for declaratory relief, breach of contract, fraudulent misrepresentation, and unjust enrichment. This is true even though Mr. Flaga had not individually joined the case prior to filing the Petition. "It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *White*, 617 F.3d at 479 n.5 (quoting *In re Costal Plains, Inc.*, 179 F.3d at 207-08). Full and accurate disclosure is "crucial to the effective functioning of the federal bankruptcy system." *Burnes*, 291 F.3d at 1286. In particular, the trustees, creditors, and bankruptcy courts rely on a debtor's bankruptcy schedules

---

estate"); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) ("Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (holding that a debtor in bankruptcy who denies owning a legal claim cannot realize on the previously concealed claim after the bankruptcy ends and recognizing that "[a]ll six appellate courts that have considered this question hold that a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends"); *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th 2006) ("In the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001) ("In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."); *Eastman v. Union Pacific R.R. Co.*, 493 F.3d 1151, 1160 (10th Cir. 2007) (holding that "[a] discharge in bankruptcy is sufficient to establish a basis for judicial estoppel . . . ."); *Burnes*, 291 F.3d at 1286 ("[C]ourts have concluded that since the doctrine is intended to protect the judicial system, those asserting judicial estoppel need not demonstrate individual prejudice.").

to determine whether or not a discharge should be granted. *Id.* ("[C]reditors rely on a debtor's disclosure statements in determining whether to contest or consent to no asset discharge.") Accordingly, the importance of "full and honest disclosure a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system.'" *Id.*

Second, the Bankruptcy Court accepted Mr. Flaga's representation that the alleged claims against FedEx Ground did not exist when it issued a discharge, relieving Mr. Flaga of his obligations to pay their then-outstanding debts. As the Sixth Circuit reiterated in *White,* "when a bankruptcy court — which must protect the interests of all creditors — approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position." *White*, 617 F.3d at 479, *quoting Lewis*, 141 F. App'x at 425.

Mr. Flaga had ample reason not to divulge his potential claims to the trustee, the Bankruptcy Court, and his creditors. Mr. Flaga paid only 23% of the allowed unsecured claims against him. (*See* Cristol Decl. Ex. L at 1.) Had the Bankruptcy Court and his creditors been aware of his contingent claims against FedEx Ground, his creditors could have objected to his discharge and sought further relief from the Court. (*See* Cristol Decl. Ex. K .) As a result of the unsecured creditors being unaware that they had a basis for objecting to Mr. Flaga's discharge, he could enjoy a windfall if his case is permitted to proceed.

Failure to estop Mr. Flaga would give him an unfair advantage to the detriment of his creditors, the Bankruptcy Court, and the public at large. When Mr. Flaga filed for bankruptcy protection, he received the benefit of the automatic stay and, ultimately, a full discharge. *See* 11 U.S.C. §§ 362 and 727. He took advantage of those benefits, while shirking his reciprocal duty to completely list all of his assets. *See* 11 U.S.C. § 521; *In re Colvin*, 288 B.R. 477, 481 (Bankr.

E.D. Mich. 2003) ("[T]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge."); *In re Coastal Plains, Inc*, 179 F.3d at 208 ("Viewed against the backdrop of the bankruptcy system and the ends it seeks to achieve, the importance of this disclosure duty cannot be overemphasized."). Indeed, where a debtor, like Mr. Flaga, ignores his obligations, a direct and immediate harm arises to the public as a whole because discharge "in the aggregate drives up interest rates and harms creditworthy borrowers." *Eastman*, 493 F.3d 1159, *citing Cannon-Stokes*, 453 F.3d at 448. Mr. Flaga should not be permitted to benefit from hiding the claims against FedEx Ground from his creditors, and FedEx Ground's motion for summary judgment should be granted.

**B.     Mr. Flaga Lacks Standing to Pursue the Claims Against Defendants.**

In addition to judicial estoppel, FedEx Ground is also entitled to summary judgment because Mr. Flaga is not the true party in interest and lacks standing to pursue the claims in the Fourth Amended Class Action Complaint. "Standing is a threshold inquiry in every federal case and it involves an inquiry into whether 'a plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction to justify exercise of the court's remedial powers on his behalf.'" *MX Group, Inc. v. City of Covington*, 293 F.3d 326, 332 (6th Cir. 2002), *quoting Warth v. Seldin*, 422 U.S. 490, 498 (1975). Plaintiffs bear the burden of establishing standing by a preponderance of evidence, and the failure to do so necessitates dismissal of their actions. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Mr. Flaga cannot meet this fundamental burden and his case must be dismissed because any interest in the claims against FedEx Ground is the property of the bankruptcy estate. Mr. Flaga therefore has no standing to pursue the claims. *See, e.g.*, *Bauer v. Commerce Union Bank*,

859 F.2d 438, 440-42 (6th Cir.1988) ("The debtor has no standing to pursue such [the estate's] causes of action."); (Cristol Decl. Ex. O, *Rodriguez v. Mustang Mfg. Co.*, No. 07-13828, 2008 U.S. Dist. LEXIS 50098 (E.D. Mich. June 27, 2008) (granting summary judgment on the ground that former debtor lacked standing to pursue claim belonging to the bankruptcy estate)); (Cristol Decl. Ex. P, *Scott v. The Dress Barn Inc.*, No. 04-1298, 2006 U.S. Dist. LEXIS 19404 (W.D. Tenn. Apr. 12, 2006) (granting summary judgment against Chapter 13 debtor who failed to schedule lawsuit on her bankruptcy schedule)).  The bankruptcy estates' assets include "all legal or equitable interests of the debtor in property as of the commencement of the case" including contracts and legal claims.  11 U.S.C. § 541(a)(1); *In re Ryerson*, 739 F.2d 1423, 1425 (9th Cir. 1984) (holding that an interest in a contract value, which was contingent on the debtor's appointment being terminated, was estate property); *In re Van Dresser Corp.*, 128 F.3d 945, 947 (6th Cir. 1997) ("it is 'well established that the interests of the debtor in property' include causes of action"), *quoting Bauer*, 859 F.2d at 441.  Assets of the bankruptcy estate are within the sole control of the trustee, the only party with standing to maintain actions related to such assets.  *See, e.g., In re Van Dresser Corp.,* 128F.3d at 947 ("A debtor's appointed trustee has the *exclusive* right to assert the debtor's claim."); *In re Cottrell*, 876 F.2d 540, 542 (6th Cir. 1989) (holding debtors' legal claim was part of the assets of their bankruptcy estate and could only be administered by the trustee).

Ordinarily, property of the estate not administered at the time the bankruptcy case is closed is abandoned to the debtor.  11 U.S.C. § 554(c).  However, where as here, the property has not been scheduled as required by the Bankruptcy Code section 521, the close of the case does not abandon the property to the debtor and it remains property of the estate.  11 U.S.C. § 554(d) ("[P]roperty of the estate that is not abandoned under this section and that is not

- 11 -

administered in the case remains property of the estate."). Accordingly, Mr. Flaga lost all his rights to enforce the unscheduled legal claims reflected in the Fourth Amended Complaint against FedEx Ground when he received his discharge and cannot do so now. *Bauer*, 859 F.2d 438, 440-42. (Cristol Decl. Ex. O; Cristol Decl. Ex. P.) FedEx Ground is entitled to summary judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, FedEx Ground respectfully requests that the Court grant its motion for summary judgment against Rodney Flaga because he should be judicially estopped from pursuing the allegations raised in the Fourth Amended Class Action Complaint and lacks standing to pursue those claims.

Respectfully Submitted,

MILLER, CANFIELD, PADDOCK AND STONE, PLC

By: /s/ Robert J. Wierenga
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit MI 48226-4415
(313) 963-6420
Cranmer@millercanfield.com
Wierenga@millercanfield.com
Dated: July 12, 2011      Kefalas@millercanfield.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

By: s/Robert J. Wierenga
Robert J. Wierenga
wierenga@millercanfield.com