UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PERCIVAL CURRITHERS, et al.,

        Plaintiffs,                            Case Number 04-10055
                                                        Honorable Thomas L. Ludington
v.

FEDEX GROUND PACKAGE SYSTEM, INC.,
et al.,

        Defendant.
_____/

**ORDER GRANTING DEFENDANTS MOTION TO DISMISS PLAINTIFFS DARRIN RAY AND MICHAEL ASSAFF, CANCELING HEARING, AND DISMISSING PLAINTIFFS RAY AND MICHAEL FOR FAILURE TO PROSECUTE**

This case began on March 8, 2004, as a putative-class action on behalf of current and former FedEx Ground contractors. On August 10, 2005, the Judicial Panel on Multi-District Litigation ("JPML") consolidated the case onto a multidistrict litigation ("MDL") docket, assigned to the United States District Court for the Northern District of Indiana with other similar actions against FedEx Ground. The case was remanded to this Court in September 2010.

On April 19, 2011, the Court issued an order authorizing limited discovery to be completed by July 11, 2011. *See* ECF No. 58 at 7. The Court authorized FedEx Ground to serve discovery on and depose each named plaintiff, including Darrin Ray and Michael Assaff. *Id.* The Court also ordered Plaintiffs' counsel to produce Plaintiffs' "1099 Federal Express forms and their IRS schedules reflecting their expenses for the associated time period." *Id.* Accordingly, FedEx Ground served interrogatories and document requests on Plaintiffs, including Ray and Assaff, on May 6, 2011. *See* ECF No. 98 Ex. A; Ex. B.

On May 25, 2011, counsel of record for Plaintiffs Ray and Assaff filed a motion to withdraw.

*See* ECF No. 64. In the motion, counsel noted that Ray and Assaff had not responded to multiple attempts to communicate with them. *Id.* According to counsel, they sent several letters to Ray's last known address at 9377 Hubbard Rd., Davison, MI 48423, and to Assaff's last known address at 3101 Exacta Ln., Apt. 1302, Raleigh, NC 27613. *See* ECF No. 98 Ex. I. Counsel received no response. *see* ECF No. 64. In one of their letters, counsel advised Ray and Assaff that they would file a motion to withdraw if they did not hear from Ray and Assaff within seven days; Ray and Assaff still did not respond. *See id.*

On or about June 7, 2011, before the Court addressed counsels' motion to withdraw, Plaintiffs' counsel objected to some of FedEx Ground's interrogatories and document requests to Ray and Assaff. Neither Ray nor Assaff, however, provided substantive responses to any of those discovery requests. *See* ECF No. 98 Ex. C; Ex. D. Both Ray and Assaff also failed to comply with the Court's order to provide their 1099 forms and IRS schedules. According to counsels' motion to withdraw, Ray and Assaff did not respond to requests for this information. ECF No. 64.

On June 24, 2011, before the Court ruled on counsels' motion to withdraw, FedEx Ground served Plaintiffs' counsel with deposition notices for Ray and Assaff to take place during the week of July 4. ECF No. 98 Ex. E; Ex. F. Although Plaintiffs' counsel objected to these deposition notices, neither Ray and Assaff sought a protective order under Rule 26(c) nor did they appear for their depositions.

On July 6, 2011, the Court granted counsel's motion to withdraw and ordered Ray and Assaff to retain new counsel within 60 days. ECF No. 69. To date, no attorney has filed an appearance on behalf of either Ray or Assaff. Moreover, neither Ray nor Assaff have communicated any intention to represent himself.  Neither of the two gentlemen have provided a current mailing address or means of contact in accordance with E.D. Mich. LR 11.2 (requiring a party to provide current

contact information to the court and to "promptly … file and serve a notice" if any changes in contact information occur, and warning that "[t]he failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal").

Defendants filed a motion to dismiss Assaff and Ray for failure to prosecute on October 7, 2011. ECF No. 98. Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for "failure of the plaintiff to prosecute" upon motion by the defendant.

Accordingly, it is **ORDERED** that Defendants' motion (ECF No. 98) is **GRANTED**.

It is further **ORDERED** that the hearing scheduled for January 23, 2012 is **CANCELED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

It is further **ORDERED** that Plaintiffs Darrin Ray and Michael Assaff are **DISMISSED** for failure to prosecute.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 2, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Darrin Ray, 9377 Hubbard Rd., Davison, MI 48423, and Michael Assaff, 3101 Exacta Ln., Apt. 1302, Raleigh, NC 27613 by first class U.S. mail on February 2, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS