UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PERCIVAL CURRITHERS, et al.,

        Plaintiffs,                        Case Number 04-10055
                                                   Honorable Thomas L. Ludington

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,
et al.,

        Defendant.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' RESCISSION CLAIMS AND CANCELING HEARING**

The procedural history of the case has been adequately set forth in the Court's opinion and order granting Defendants' motion for summary judgment on Plaintiff Flaga's claims. ECF No. 116. In their complaint, Plaintiffs seek rescission of their Operating Agreements with FedEx Ground Package System, Inc. ("FedEx Ground") and declaratory relief providing that the parties' relationship is that of employee and employer.

FedEx Ground now seeks summary judgment on the rescission claims for two independent reasons: (1) none of the plaintiffs have existing contracts with FedEx Ground that are or could be subject to rescission; and (2) even if an individual plaintiff had an existing Operating Agreement, the law requires a plaintiff to tender back, or at the very least offer to tender back, any consideration or benefit he received under the contract he is seeking to rescind which has not occurred.

Plaintiffs respond that Michigan law permits rescission where the parties have completed performance of a contract, and that an alternate remedy, such as a monetary off-set, is permitted in a rescission case where it is impossible or impractical to require a party to tender back the consideration received prior to asserting a claim for rescission. ECF No. 84.

For the reasons stated herein, the Court will grant FedEx Ground's motion for partial summary judgment on Plaintiffs' rescission claims.

## I. Facts

FedEx Ground provides small-package pick-up and delivery services through a network of pick-up and delivery contractors. FedEx Ground enters into written agreements, known as Operating Agreements, with each of its contractors. The terms of the Operating Agreement govern the relationship between FedEx Ground and its contractors. On March 8, 2004, three former FedEx Ground contractors, James Lester, James Kassuba, and Ryan Tomaski, filed a putative class action against the company in the Eastern District of Michigan. The original complaint alleged various claims arising out of plaintiffs' core assertion that they were paid as independent contractors but in reality were, and should have been paid as, FedEx Ground employees. Neither the original complaint nor the First Amended Complaint filed on October 25, 2005, asserted a claim for rescission. ECF No. 79 Exs. A and B.

On April 18, 2006, plaintiffs James Lester, James Kassuba, and Ryan Tomaski, along with three new plaintiffs, Percival Currithers, Tyrone Hawkins, and Daniel Lavake, filed a Second Amended Complaint in which they pled four causes of action, including, for the first time, rescission. ECF No. 79 Ex. C. FedEx Ground filed its Answer and Additional Defenses to the Second Amended Complaint on May 3, 2006. ECF No. 79 Ex. D. In that pleading, FedEx Ground asserted plaintiffs' failure to tender back as an affirmative defense to the rescission claim.

Plaintiffs have continued to assert the same four causes of action in all later iterations of the complaint. In particular, Plaintiffs have continued to assert a claim for rescission. The Fourth Amended Class Action Complaint, which is the operative complaint, alleges that "Plaintiffs are

entitled to rescission of the 'Standard Operating Agreement' because 1) the contract violates public policy, 2) the contract is illegal and/or 3) there was fraud in the induction of the contract." ECF No. 79 Ex. F ¶ 75. With respect to Plaintiffs' contractual status, the Fourth Amended Class Action Complaint alleges that 14 of the 16 plaintiffs are former contractors. *Id.* at ¶¶ 5, 8-10, 13-19, 21-23 (describing plaintiffs Percival Currithers, Darrin Ray, Michael Blauvelt, Michael Assaff, Anthony R. King, Thomas H. Chalker, Rodney Flaga, David Testori, Spencer Williams, Thomas Suchan, Arthur W. King, Jr., Christine Constantino, Scott Baker, and Mark Levine as either "a former FXG Contractor/Driver" or "previously a FXG Contractor/Driver"). The Fourth Amended Complaint alleges that two plaintiffs, Tyrone Hawkins and Daniel Lavake, are current contractors. *Id.* at ¶¶ 6-7. That allegation is incorrect as to both of them. Lavake ceased being a contractor as of March 22, 2006, nearly a month before Plaintiffs filed their Second Amended Complaint (which included a rescission claim).  ECF No. 79 Ex. E at 43:7-8. Today, Hawkins is also a former contractor, having separated from the company as of May 16, 2008. ECF No. 79 Ex. G at 42:22-25.

## II.   Standard of Review

A motion for summary judgment should be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be proven or is genuinely disputed must support the assertion by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).  The party seeking summary judgment has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the opposing party fails to raise genuine issues of fact and the record indicates the moving party is entitled to judgment as a matter of law, the court shall grant summary judgment. *Anderson*, 477 U.S. at 250.

The court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. Discussion

Rescission is the judicial abrogation, annulment, and undoing of a contract. *Lash v. Allstate Ins. Co.*, 210 Mich. App. 98, 102 (1995). "To rescind a contract is not merely to terminate it, but to abrogate it and undo it from the beginning." *Id.*. Void contracts are a nullity; they are deemed not to exist at law. *Rood v. Midwest Matrix Mart, Inc*., 350 Mich. 559 (1957). The equitable remedy of rescission exists to "restore the parties to the relative positions which they would have occupied if no such contract had ever been made." *Lash*, 210 Mich. App. at 102. A contract may be rescinded on several different grounds, including, among other things, (1) where the contract violates public

policy, (2) is illegal, or (3) induced by fraud. *See Samuel D. Begola Services v. Wild Brothers*, 210 Mich. App. 636 (1995), *leave den'd* 451 Mich. 876 (1996). A claim to "rescind the transaction" is equitable in nature and therefore discretionary with the trial court. *Lenawee Co Bd of Health v. Messerly*, 417 Mich. 17, 31 (1982) (stating that "[r]escission is an equitable remedy which is granted only in the sound discretion of the court"). Unlike an action for rescission, a suit for damages is an action at law. *See King v. General Motors Corp.*, 136 Mich. App. 301, 308 (1984). Actions at law are founded upon a party's absolute right rather than upon an appeal to the discretion of the court. *Hathaway v. Hudson*, 256 Mich. 694, 702 (1932). A plaintiff is not required to elect between the remedies of rescission and damages. *Jefferson Park Land Co v. Wayne Circuit Judge*, 234 Mich. 341, 345-46 (1926).

However, in rescission there are certain prerequisites to the bringing of such an action. *Mesh v. Citrin*, 299 Mich. 527, 537 (1941). Upon the discovery of the basis for rescission, a plaintiff must seasonably assert such rescission, tender back what he has received, and demand repayment. *Id.* (discussing rescission in a lender-borrower context); *see also Two Men and a Truck/International Inc. v. Two Men and a Truck/Kalamazoo, Inc.*, 949 F. Supp. 500, 507 (W.D. Mich.1996) ("Under Michigan law, the party seeking rescission of a contract must prove three elements: (1) a seasonable assertion of the rescission right; (2) tender of the consideration and benefits received; and, (3) demand for repayment of any price paid."). In other words, the plaintiff, on rescission of a transaction, must place defendants in a status quo position insofar as it is possible to do so. *See, e.g.*, *McIntosh v. Fixel*, 297 Mich. 331 (1941); *Gloeser v. Moore*, 283 Mich. 425 (1938). Plaintiffs contend that a return of consideration is not an absolute requirement where the circumstances make it impossible or unreasonable to do so before commencing a lawsuit. The caselaw Plaintiffs advance

generally addresses the inability to tender back consideration that has been destroyed, cases that involve the transfer of land as consideration, or plaintiffs who received a severance package upon termination and later seek to assert civil rights violation claims. Plaintiffs suggest that the eventual verdict in this action could be molded to give FedEx Ground a credit for the net pay it has already paid each plaintiff during the claim period instead of Plaintiffs being required to tender back the consideration received. Plaintiffs do not, however, explain why it would be impossible or unreasonable to tender back the consideration in this case.

"On a rescission, it is necessary, as a rule, to tender back the property received in exchange for the consideration sought to be recovered, so as to restore the original status quo, and when the parties seeking relief cannot make restitution, through their own acts or fault, rescission is generally denied." *Latimer v. Piper*, 261 Mich. 123 (1933); *see also Peppler v. Peppler Agency, Inc.*, No. 300194, 2011 WL 6186826, at *7 (Mich. App. Dec. 13, 2011) (because the plaintiff failed to tender back the $220,000 and additional deferred compensation payments received, his claims seeking rescission of a 2003 stock redemption agreement were properly dismissed). "Michigan law has not wavered from traditional maxims" and "[r]escission, whether legal or equitable, is governed by equitable principles, one of which is that an essential prerequisite to the receipt of such relief is the return of what has been received, or its equivalent, by him who seeks the remedy." *R.E. Dailey & Co. v. John Madden Co., Ltd.*, 1 F.3d 1242, 1993 WL 288269, at *9 (6th Cir.1993) (table decision) (quoting *Carey v. Levy*, 329 Mich. 458, 45 N.W.2d 352 (1951)). That is, "[t]o free itself from a contract claiming rescission, a plaintiff must tender all it has received by that contract, and place the entire matter in the hands of the court for equitable resolution. Were this not required, [a] plaintiff would be able to 'take his chances of recovering in [the rescission] action without running the risk

of losing what he has received in case he is defeated.' " *Id.*

Thus, a plaintiff's failure to "ante up the money it received" under a the challenged agreement "dooms [his] claim for rescission." *R.E. Dailey & Co.*, 1993 WL 288269, at *9. "Michigan courts recognize only two exceptions: one, where the defendant has waived this duty," and "two, in the case of fraud in the execution." *Id.* (citing *Stefanac v. Cranbook Ed. Comm.*, 435 Mich. 155, 163 (1990)); *see also Stewart v. Eldred*, 349 Mich. 28, 34 (1957). Michigan law only allows rescission for fraud in the inducement where the defrauded party tenders back the consideration received and asserts rescission upon discovery of the alleged fraud. *Harvard Drug Group v. Linehan*, No. 08-13617, 2009 WL 1034918, at *4 (E.D. Mich. Apr. 17, 2009)*; see also D'Alessandro v. Hooning*, 365 Mich. 66, 73 ("By proceeding under the contract after discovery of the actual situation and the falsity of the representations made, they waived their right to rescind.").

Because FedEx Ground has not waived Plaintiffs' duty to tender back the consideration received, and Plaintiffs' have alleged fraud in the inducement—not fraud in the execution—Plaintiffs' rescission claims must be dismissed. *See* Fourth Amended Compl. par. 85. Plaintiffs have alternatively waived their rescission claim by not seasonably asserting their rescission rights but instead continuing under the contract with FedEx Ground after discovering that they were being inappropriately treated as employees instead of independent contractors.

### IV.   Conclusion

Accordingly, it is **ORDERED** that Defendants' motion for partial summary against on Plaintiffs' rescission claims (ECF No. 78) is **GRANTED**.

It is further **ORDERED** that the hearing scheduled for January 23, 2012 is **CANCELED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

It is further **ORDERED** that Plaintiffs' rescission claims are **DISMISSED WITH PREJUDICE**.

        s/Thomas L. Ludington  
        THOMAS L. LUDINGTON  
        United States District Judge

Dated: February 9, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 9, 2012.

        s/Tracy A. Jacobs  
        TRACY A. JACOBS